UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DUPREE GRISSOM, | No. 2:24-cv-00926 SCR P |
| Plaintiff, | |
| v. | ORDER |
| STEFANIE KEENAN, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's complaint for screening (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2).

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly

payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

I.   **Factual Allegations of the Complaint**

Plaintiff's complaint concerns alleged inhumane conditions at Folsom State Prison. (ECF No. 1.) There are bird feces "everywhere" in his housing unit that will cause disease such as

Tuberculosis. (Id. at 3-4.) The showers have flying nants [sic] from not being cleaned. (Id. at 3.) Plaintiff has tried to talk to defendant Sergeant Meadows about the conditions, but he doesn't listen or have the unit cleaned. (Id.) Defendant Warden Stefanie Keenan fails to properly train the correctional officers on "basic necessities," like keeping the housing unit clean. (Id. at 4.) The Warden visits the unit every Monday and is aware of how bad it smells, yet "disregarded the problems." (Id.) Plaintiff has had to use a breathing machine every day because the bird feces make his COPD act up. (Id.) Plaintiff filed a grievance about the conditions in June 2023. (ECF No. 1 at 7.) He alleged there are bird feces "everywhere," including on the food carts, which the officers do not clean up. (Id.) The bird droppings stay while the food is on the cart. (Id.) The grievance was granted (id. at 8), but officers are falsifying the cleaning log (id. at 4.)

Plaintiff alleges defendants Meadows and Keenan have violated his Eighth Amendment rights with deliberate indifference. (ECF No. 1 at 3-4.) He requests $10,000 in damages, a transfer to Salinas Valley State Prison, and removal of the bird nets from Folsom State Prison Housing Unit B. (Id. at 6.)

**LEGAL STANDARDS**

I.     **Section 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

[the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (citations omitted).

## II.     Eighth Amendment Conditions of Confinement

For a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). To be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074.

The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

**DISCUSSION**

**I.     Plaintiff states an Eighth Amendment claim based on unsanitary conditions.**

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995). Here, plaintiff alleges that he is forced to endure bird feces in his prison housing unit, including on the unit's food carts when food is present, and that the problem is "ongoing." While he doesn't specify a timeframe, plaintiff filed his complaint on March 25, 2024, and had grieved the same sanitation issues in June 2023. Liberally construing the complaint, the undersigned finds that plaintiff adequately alleged a lack of sanitation that is both severe and prolonged. See McCoy-Gordon v. Gray, No. 1:20-cv-1728 EPG PC, 2020 WL 7360574, at *4 (E.D. Cal. Dec. 15, 2020), report and recommendation adopted, No. 1:20-cv-1728 NONE EPG PC, 2021 WL 242650 (E.D. Cal. Jan. 25, 2021) (screening in conditions of confinement claim where inmate alleged he endured, *inter alia*, bird and bird feces in his housing unit for a month).

The complaint's connection between the allegedly unsanitary conditions and the named defendants are tenuous but sufficient at the screening stage. Plaintiff alleges that he personally spoke to Sergeant Meadows about the conditions, but he did not listen or fix the problem. He alleges that Warden Keenan visits every Monday and knows about the conditions because the feces are "everywhere," and smell bad. In finding these allegations sufficient to establish the defendants' subjective knowledge at the screening stage, the court infers from the complaint's allegations that the unsanitary conditions are obvious. See Farmer, 511 U.S. at 842-43 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence").

**II.     Plaintiff adequately pled defendant Keenan's supervisory liability.**

Plaintiff also alleges that defendant Keenan is liable for failing to train his staff on keeping the unit clean. "Failure to train" claims are typically actionable against municipal defendants, not state officials. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388–91 (1989). However, for screening purposes, the court interprets plaintiff's allegation as seeking supervisory liability

against defendant Keenan. "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Plaintiff does not allege any specific facts concerning the purportedly deficient training provided by defendant Keenan. However, because plaintiff has minimally pled Keenan's own personal involvement in the alleged unconstitutional conditions, the undersigned will allow plaintiff to proceed on a supervisory theory of liability. See Felarca v. Birgeneau, 891 F.3d 809, 819–20 (9th Cir. 2018) ("An official may be liable as a supervisor only if either (1) he or she was personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation.")

### III. Plaintiff's complaint states claims for damages only.

Plaintiff does not specify whether he is suing defendants Meadows and Keenan in their individual or official capacities. When, as here, a pro se plaintiff's prayer for relief includes a claim for damages against state officials, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred. Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016). Therefore, for screening purposes, the court construes plaintiff's complaint as raising individual capacity claims against defendants Meadows and Keenan. See Jones v. Lemon, No. 22-CV-7202 SVK, 2023 WL 5154516, at *3 (N.D. Cal. Aug. 10, 2023) (construing the complaint's silence as implying a suit against state defendants in their personal capacities so that "the Eleventh Amendment does not bar Plaintiff's suit against them for damages and injunctive relief.")

Moreover, it appears from the Docket that plaintiff is now incarcerated a California State Prison, Sacramento. (See Notice of Change of Address, ECF No. 11.) When an inmate seeks injunctive relief concerning a particular facility, as opposed to system-wide relief, his claims for such relief become moot when he is no longer subjected to those conditions. Tiedemann v. von Blanckensee, 72 F.4th 1001, 1008 (9th Cir. 2023); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). Here, the court interprets plaintiff's requested injunctive relief – removal of bird netting

and transfer to another prison – as specific to Folsom's alleged unsanitary conditions. Therefore, plaintiff's requests for injunctive relief are moot, and the court construes the complaint as seeking damages only. See Garcia v. Adams, No. 1:06-CV-0360 OWW DLB PC, 2007 WL 2492683, at *1 n.1 (E.D. Cal. Aug. 30, 2007), report and recommendation adopted, No. 1:06-cv-0360 OWW GSA PC, 2007 WL 3172930 (E.D. Cal. Oct. 29, 2007) (screening out request for equitable relief because "[p]laintiff is no longer housed at the prison at which his claims accrued.")

## OPTIONS FROM WHICH TO CHOOSE

After conducting the screening required by 28 U.S.C. § 1915A(a), the undersigned finds the complaint states cognizable Eighth Amendment conditions of confinement claims against defendants Meadows and Keenan in their individual capacities for damages only. Plaintiff's request for injunctive relief is moot because he is no longer housed at Folsom State Prison. This means plaintiff can pursue money damages against the defendants, but cannot pursue changes at Folsom State Prison like the removal of bird netting or a prison transfer.

Plaintiff has a choice to make. He may either (1) proceed immediately on the Eighth Amendment claims against defendants Meadows and Keenan in their individual capacities for damages only; or (2) try to amend the complaint. After selecting an option from the two options listed below, **plaintiff must return the attached Notice of Election form to the court within 30 days from the date of this order.** If plaintiff does not respond, the court will proceed on the complaint as screened and order service on defendants Meadows and Keenan.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading to make his

amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint states cognizable Eighth Amendment claims against defendants Meadows and Keenan in their individual capacities for damages only.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claims against defendants Meadows and Keenan as set forth above, or to file an amended complaint.

5. Within 30 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff chooses to amend, the court will set a deadline to file an amended complaint in a separate order.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

7. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will direct service on defendants Meadows and Keenan.

8. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 22, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD DUPREE GRISSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>STEFANIE KEENAN, et al.,<br><br>    Defendants. | No.  2:24-cv-00926 SCR P<br><br><u>NOTICE OF ELECTION</u> |

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment conditions of confinement claims against defendants Meadows and Keenan in their individual capacities for damages only.

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                    _____
                                                    Howard Dupree Grissom
                                                    Plaintiff pro se

1